IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00192-FDW

| | |
|---|---|
| DAVID SIMPSON, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| UNION COUNTY COURT; | ) |
| UNION COUNY JAIL, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint.

Plaintiff is a pretrial detainee who is currently awaiting trial on a number of charges, which include several felony charges for breaking into a place of worship and committing larceny after breaking into the house of worship, and he is charged with having attained the status of habitual felon. Plaintiff's next court date in July 5, 2016.[1]

According to his complaint, the conditions of confinement at the Union County Jail are less than ideal. For instance, Plaintiff complains that is too cold and that he is ordered to get out of bed at 5:00 a.m. and the food on offer at the canteen is too pricey. Plaintiff also vaguely complains about his access to healthcare and he contends that his right to due process has been violated because his probable cause hearing has been unduly delayed.

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or

---
[1] This information was obtained from the website maintained by the North Carolina Administrative Office of the Courts.

1

dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

The Court finds that Plaintiff's complaint should be dismissed because he has failed to name a defendant that is amenable to suit in a § 1983 proceeding. In other words, the Union County Court and the Union County Jail are not persons within the meaning of Section 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 688 (1978) (noting that, for purposes of Section 1983 action, a "person" includes individuals and "bodies politic and corporate.").

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim. (Doc. No. 1). 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: May 5, 2016

Frank D. Whitney
Chief United States District Judge